JACOB LORILLARD, Respondent, *v.* WILLIAM P. CLYDE et al., Appellants.

Where, in an equity action, questions of fraud are submitted to and passed upon by a jury, which have no relevancy to the issues presented by the pleadings, and are not involved in the judgment, they are not conclusive upon the parties in a subsequent action.

Where, therefore, in an action brought by the people to dissolve a corporation because of mismanagement of its affairs, the regular organization of the company was admitted and the only issue was as to the alleged mismanagement, certain issues were framed and submitted to and passed upon by a jury as to the good faith and intent of the stockholders in organizing the company. *Held*, that the findings of the jury upon these questions were not conclusive in a subsequent action between the stockholders brought upon a contract under which the corporation was organized; but *held*, that a former judgment in an action between the same parties, holding the contract to be valid, was conclusive.

(Argued April 27, 1885; decided May 8, 1885.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 4, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 16 J. & S. 409.)

The nature of the action and the material facts are stated in the opinion.

*Samuel Hand* for appellant. The plaintiff and defendant in the present action having been respectively plaintiff and defendant in the action brought in the Supreme Court to dissolve the corporation, every question determined in that action is *res adjudicata* as between them, and the findings of the jury and judgments therein are conclusive evidence against both as to all matters therein litigated. (*Doty* v. *Brown*, 4 N. Y. 71; *Gardner* v. *Bucksbee*, 3 Cow. 120; *Wood* v. *Jackson*, 8 Wend. 9; *Birkhead* v. *Brown*, 5 Sandf. 184; *Kingsland* v. *Spaulding*, 3 Barb. Ch. 341; *Attorney-General* v. *Ins. Co.*, 2 Johns. Ch. 370; *People* v. *A. & S. R. R. Co.*, 57 N. Y. 161.) It

appears, both from the terms of the agreement and the acts of the parties under it, that the contract contemplated the intervention of fictitious corporators. Such a contract is illegal and against public policy. (*Perkins* v. *Savage*, 15 Wend. 412 ; *Gray* v. *Hook*, 4 N. Y. 449 ; *Knowlton* v. *Congress S. Co.*, 57 id. 518 ; *Card* v. *Hope*, 2 Barn. & Cres. 661 ; *Ward* v. *Ruckman*, 36 N. Y. 93 ; *Fort Edward Plankroad Co.* v. *Payne*, 15 id. 583.)

*Horace Barnard* for respondent. The legality of the agreement, the accordance of its scheme with public policy, and the sufficiency of its consideration, have been sustained by this court. (*Lorillard* v. *Clyde*, 86 N. Y. 384.) The company was duly organized. (*Eaton* v. *Aspinwall*, 19 N. Y. 129.) If there was any thing unlawful about it, the defendants cannot take advantage of their own wrong, and thereby avoid their liability upon the original agreement. (Field on Priv. Corps., § 88 ; *Walker* v. *Devereux*, 4 Paige, 229 ; *Phenix W. Co.* v. *Badger*, 67 N. Y. 299.) This plaintiff was not a proper party plaintiff to that action. (*Denike* v. *N. Y. & R. L. Co.*, 80 N. Y. 605 ; Code of Civil Pro., §§ 1798, 1801, 1808.) The plaintiff was not properly made a party to that action so as to bind him by any judgment rendered therein. (Code of Civil Pro., § 453.) Under no circumstances would a party to that action be bound beyond the issues directly raised by the pleadings. (*Campbell* v. *Consalus*, 25 N. Y. 616 ; *Russell* v. *Place*, 94 U. S. 608 ; *Cromwell* v. *County of Sac*, id. 352 ; Freeman on Judgments, §§ 256, 257 ; *Woodgate* v. *Fleet*, 44 N. Y. 14 ; *People* v. *Johnson*, 38 id. 63 ; *Remington Paper Co.* v. *O'Dougherty*, 81 id. 474.) The motion to dismiss was properly denied. (*Lorillard* v. *Clyde*, 86 N. Y. 384.)

MILLER, J. This action was brought to recover a balance due the plaintiff on the 1st day of July, 1876, pursuant to an agreement made by defendants, guaranteeing to the plaintiff dividends not less than seven per cent per annum on 1,500

shares of stock, of a steamship company to be organized, of the par value of $150,000.

For some time prior to the making of said agreement, plaintiff and defendants were respectively engaged in the business of transporting freight between New York and Philadelphia in competition with each other. This agreement was made and entered into for the purpose of consolidating the business of said parties, uniting their capital under one management, and thereby conducting in a more economical and profitable manner, and it simply provided for the union of the business and property of the respective parties in a corporation to be formed under the laws of the State of New York; fixed the cash valuation upon their respective properties; provided that the defendants should have the general management at the usual commissions; that they should guarantee to the plaintiff a dividend upon his stock of not less than seven per cent per annum; that neither party should be interested, directly or indirectly, in opposition to the lines owned by the defendants individually.

There is no evidence showing that the agreement, or any portion of it, or that any subsequent act of the plaintiff, was designed to or in fact did in any way improperly influence the management of said company. On the contrary, the agreement provided that the management of the line should be in good faith and as economical as possible, etc.

The evidence shows, and it is not disputed, that the certificate required by statute, signed and properly executed by the requisite number of persons, was duly filed; that the whole amount of the capital named was duly paid in by the transfer of steamers to the company, and no question has ever been raised as to the propriety of the valuation put upon the steamers; that the defendants assumed the management of said company, carried on the business and received the usual commissions from 1874 to 1880; that the plaintiff fully performed said agreement on his part, received and now holds 1,500 shares of the stock of said company of the par value of $150,000; that no dividends have been declared by said company and

the balance of the seven per cent guaranteed by defendants has not been paid, although payment has been demanded.

This action for the balance due upon said guarantee from July 1, 1874, to July 1, 1876, having been brought to trial before the court and a jury, a verdict was directed for the plaintiff. The appellants insist that the plaintiff and defendants here having been plaintiff and defendants in an action brought to dissolve the corporation, every question determined in that case is *res adjudicata* as between them, and the findings of the jury and judgment therein are conclusive evidence against both as to all matters therein litigated.

That action was brought by the People against the Philadelphia and New York Steam Navigation Company to dissolve the same on the ground of the improper, wasteful and injurious management of the affairs of said company by W. P. Clyde & Co., the defendants in this action. The plaintiff here was not originally a party to that action, but an attempt was made to bring him in as a party after the issues had been settled It appears from the judgment-roll introduced in evidence upon the trial that at a Special Term of the Supreme Court, upon the application of the attorneys for all but one of the defendants, and the original plaintiff making no opposition thereto, an order was made that the plaintiff in this action be made a party plaintiff in that action and that the pleadings be amended by inserting the name of said Lorillard as a party plaintiff, and every issue and proceeding to remain unaltered except in said amendment. The plaintiff in this action did not appear on the motion, no notice was served upon him, and no answer made by him, and the only evidence of his connection with the case is the entry in the record as follows : " Entered, That Jacob Lorillard appeared and was made a party plaintiff under the order of the court and moves with the people the litigation on." The only issues raised by the pleadings in that case related to the action of W. P. Clyde & Co., the present defendants, subsequent to the organization of the company, and the only relief demanded was the dissolution of the company, which demand conceded the company had been regularly or-

ganized and might properly and lawfully be dissolved. A number of issues were, however, framed and passed upon by the jury on the trial. Some of them related to the good faith and intent of the parties in organizing the company. All these were immaterial, and being foreign to the pleadings and not involved in the judgment, cannot be made the foundation of a decision which would be binding upon the parties to this action. The parties to that action, therefore, would not be bound beyond the issues raised by the pleadings. It is the judgment of the court and not the findings of the jury which bind the parties. The adjudication is not in the verdict but in the judgment adopted by the court. (Freeman on Judgments, §§ 251, 257, 271.)

The questions raised as to the effect of the various issues made up and upon which findings were had, and the materiality of the same and the validity of the agreement are fully considered in the opinion of the General Term by SEDGWICK, J., and concurring in the views there expressed, an elaborate examination of the same is not required. The claim that the findings of the jury and the judgment entered thereon conclusively establish the facts that the contract sued on was wholly illegal and void, being against public policy and an attempt to commit a fraud upon the people of the State; that each of the parties to this action was *particeps criminis* thereto; and that the clause of the agreement containing the guaranty sued on was part and parcel of such illegal scheme, cannot be upheld. To sustain this position the appellants rely upon the findings of the jury upon the issues as made up. As we have already seen, these findings were outside of the pleadings, and for that reason cannot be said to be conclusive or binding upon the question whether the contract was illegal and void and against public policy. It cannot, therefore, properly be said that the parties were *particeps criminis* in an illegal scheme, and that the clause of the agreement upon which the contract was founded was part and parcel of such scheme. It is not necessary, therefore, under the

views expressed, to consider and discuss the findings of the jury beyond the real issues in the pleadings.

In *Lorillard* v. *Clyde* (86 N. Y. 384), the question arising as to the illegality of the contract entered into by the plaintiff with Clyde & Co. was the subject of consideration, and it was there held that the contract was not illegal or against public policy. That decision is conclusive on the question made here as to the validity of the contract. It is no answer to say that the findings of the jury conclusively rebut all the presumptions in favor of the validity of the contract upon which the decision of the court in the case cited may have been founded, for these findings, as already shown, cannot be regarded as affecting the rights of the plaintiff in this action. Nor can it be said, we think, that the judgment was founded upon a ground not within the issues made by the pleadings, as such a rule would be a violation of the principle sustained in the authorities already cited.

For the reasons stated there is no ground for the contention that the adjudication being in favor of the plaintiff he is bound by it. For, as we have seen, the pleadings embraced no such issue, and the findings upon the issues which were presented, which had no connection with them, could not, under the circumstances, be regarded as in any way impairing or interfering with the validity of the contract or the right of the plaintiff to recover in this action.

The judgment was right, and should be affirmed.

All concur.

Judgment affirmed.