### ZADIG v. ÆTNA INS. CO.

District Court, S. D. New York.
Oct. 7, 1930.

Putney, Twombly & Putney, of New York City, for plaintiff.

Bigham, Englar & Jones, of New York City, for defendant.

COXE, District Judge.

I think this motion should be denied on the merits. The action arose out of the seizure of a shipment of lard in 1915, which was condemned as contraband by an English Prize Court in 1918. The plaintiff did not assert any claim against the defendant until 1921, and liability was finally repudiated in 1924. The suit was commenced in 1925, and issue was joined in 1927. The case was never

noticed for trial by the plaintiff, and in January, 1929, the action, with many others, was placed on the calendar for dismissal, on the court's own motion, for lack of prosecution under Rule 28 of the General Court Rules. Notice of this proposed action was published in the Law Journal January 19 and January 28, 1929; and on January 28, 1929, the case was called, pursuant to the published notice, and dismissed. An order to that effect was signed January 28, 1929, and filed in the clerk's office January 29, 1929. Similar orders were prepared and filed in other cases called and dismissed at the same time for lack of prosecution. A form of the order of dismissal used in all of the cases was then transcribed by the clerk of the court in the "Permanent Order Book," beneath which was placed a notation to the effect that like orders were made in the cases enumerated, including specifically the present action.

The attorneys for the plaintiff were not advised of the order of dismissal until December 26, 1929, and moved on January 7, 1930, for an order vacating the order of dismissal and restoring the case to the calendar. This motion was denied by the District Judge on the ground that he was without jurisdiction because the application was made more than ninety days after the entry of the dismissal order. The decision of the District Judge was reversed by the Circuit Court of Appeals on the ground that the record did not show the "entry" of any order of dismissal, and that the motion should have been determined on the merits.

The case is therefore back where it started from when the motion to restore was first made; and on the merits I can find nothing to excuse the long delay in bringing the case to trial. It is not a sufficient answer to say that the records of the English Prize Court were difficult to procure. Even assuming that to have been so, it does not adequately explain the failure to procure the records from 1918, when the shipment was condemned, until 1925, when the suit was brought. Nor is the delay to be accounted for by the negotiations looking towards an adjustment of the claim. Courts are constituted for the dispatch of legal business, and the failure to dispose of litigation with reasonable promptness, not only prevents an approximation of justice in the particular case involved, but seriously interferes with the trial of other cases waiting to be disposed of. I am clear, therefore, that there was no adequate explanation of the failure to bring the case to trial.

On the purely technical side of the motion, I think the record, as now constituted, shows an "entry" of the dismissal order on January 29, 1929. The Washington (C. C. A.) 16 F.(2d) 206. There was, therefore, no power under the rule to entertain the motion.

The motion to reopen and restore is therefore denied.