## D. L. FLACK & SON, Inc., v. WEST VIRGINIA COAL CO.

District Court, S. D. New York.
Jan. 3, 1931.

Marshall, Wehle & Hinckley, of New York City (Harold Harper, of New York City, of counsel), for plaintiff.

Crowell & Rouse, of New York City (J. Dexter Crowell and E. Curtis Rouse, both of New York City, of counsel), for defendant.

WOOLSEY, District Judge.

This motion is denied.

I have felt that I was bound to deny this motion under the authority of the Circuit Court of Appeals for this circuit in Zadig v. Aetna Insurance Co., 42 F.(2d) 142, 143, and the subsequent expression of views by Judge Coxe after the remand of the above-named case to this court. See Opinion in Zadig v. Ætna Insurance Co., L. 38—168, 46 F.(2d) 356, dated October 7, 1930.

In a common-law case a plea of res adjudicata is not possible unless and until a judgment has been entered. Reed v. Proprietors of Locks, etc., on Merrimac River, 8 How. 274, 290, 291, 12 L. Ed. 1077; Smith v. McCool, 16 Wall. 560, 561, 21 L. Ed. 324; The White City (D. C.) 35 F.(2d) 1006; Lorillard v. Clyde, 99 N. Y. 196, 200, 1 N. E. 614; Springer v. Bien, 128 N. Y. 99, 102, 27 N. E. 1076; King v. Chase, 15 N. H. 14, 41 Am. Dec. 675. The consequent implication is that the entry of a judgment is a sine qua non for the juristic act which is the objective of a common-law action.

I should have held, in the absence of what I consider the controlling authority above mentioned, that in the present case, inasmuch as there has not been any judgment entered in pursuance of the order of dismissal without prejudice, made by Judge Knox January 28, 1929, that this case had not been terminated in the manner which has long been deemed canonical in common-law actions.

I am somewhat supported in this point of view by the practice long obtaining in this court as reported to me by the clerk of the court, whom I summoned to the argument, and who stated that in all common-law cases the termination of the case is a judgment signed and entered by him, and that, until such a judgment has been signed and entered by him, the sanction of a common-law action does not become operative and execution cannot issue for recovery of any money due to the party in such action.

Such being the fact, it seems to me, and on this the clerk agrees with my understanding of the practice, that even now it would be possible for the defendant in the present case to tax the statutory costs to which it might be entitled, enter judgment of dismissal without prejudice, with costs, and issue execution for the recovery of the costs given it thereby. Cf. In re Watts, 214 F. 80, 81 (C. C. A. 2).

If this be true, certainly this action cannot be considered to be dead under the term rule.

Being a strong believer, however, in the orderly administration of justice under the doctrine of stare decisis, when inescapable, I leave the matter on the authorities above mentioned with the respectfully made comment above noted.