### ABEL, SHERIFF, V. BENNET.

*An escape by a prisoner, who has the liberties of the yard, is a negligent escape, and where the creditor's remedy against the sheriff is barred, nominal damages only are given.*

ACTION on a note, conditioned, that Sarah Ferress should abide a faithful prisoner, who was in gaol on an execution. Breach alleged, is — That she escaped on the 22d of April A. D. 1785.

Embra v. Silliman et al.

Plea in bar — That said Sarah did inadvertently go about thirty feet over the limits of said prison; yet he says, that she immediately returned into the confines of said prison and requested the plaintiff to receive and hold her in gaol, on said execution; but he wholly refused to receive or hold her: And that more than two years had elapsed since said escape; and by the Statute of Limitations in such cases, the creditor is barred of any recovery against the plaintiff. Demurrer.

Judgment — That the plea is insufficient, and for the plaintiff to recover: and nominal damages only were given, on the ground that the plaintiff was not liable to the creditor.

The escape was a negligent escape in the sheriff, and it was a breach of the condition of said note. The sheriff undoubtedly had his election, either to make fresh pursuit and reclaim his prisoner, or to take his remedy upon the bond; but neither the prisoner nor the bondsman, in such case, could oblige the sheriff to receive her, after the escape.

In the case of Jones v. Sheriff Abbey, Windham Superior Court, March term, 1789, adjudged — That the escape of a prisoner who hath the liberties of the yard on bond, is a negligent escape, only in the sheriff.