### DRAKE and another *against* CHESTER.

THIS was an action against the defendant, as sheriff of the county of *Hartford*, for the escape of *Solomon Carpenter* from the liberties of the prison. There were two counts. The first alleged an escape on the 31st of *January*, 1817 ; the second, on the 3d of *February*.

The cause was tried at *Hartford, February* term, 1818, before *Trumbull, Baldwin* and *Hosmer*, Js.

On the trial, the judgment and execution, the commitment of *Carpenter*, his giving bonds to the defendant to remain a faithful prisoner, and his being thereupon allowed the liberties of the prison, were admitted. It was proved, that on the 31st of *January*, and on the 3d of *February, Carpenter* walked beyond the prison limits ; that in the first instance, he returned before any suit was brought for his escape ; but that while he was without the prison limits, on the 3d of *February*, the plaintiffs procured a writ of attachment in their favour, against him, upon which he was, by their direction, arrested. The defendant adduced evidence to prove, and claimed that he had proved, that the plaintiffs procured this attachment to be issued, and served upon the body of *Carpenter*, while he was thus out of the prison limits, solely with intent to prevent him from returning ; and that the officer who served the attachment, detained him, by direction of the plaintiffs, without suffering him to get bail, until after service in the

A voluntary return of a prisoner, after an escape, is equivalent to a recaption on fresh pursuit, and, if before action brought, will excuse the sheriff.

In case of a voluntary return of a prisoner, after an escape, it will be presumed, that the sheriff consented to receive him, until the contrary be shewn.

Where a creditor, after his debtor had escaped from the prison limits, arrested his body by a writ of attachment, for the purpose of preventing his return, until he could bring an action against the sheriff; it was held,

pose of preventing his return, until he could bring an action against the sheriff; that the sheriff was not liable for the escape.

*Hartford,*
June, 1818.

Drake
*v.*
Chester.

present suit was made upon the defendant, although *Carpenter* immediately requested to be carried back, and offered to give bail. The plaintiffs, on the other hand, claimed, that they sued out the writ of attachment against *Carpenter* for a debt justly due them from him, and for no other cause; and that he never requested, that he might be permitted to return upon the execution, until after this suit was commenced. The court charged the jury as follows: " As to the first count; the sheriff is not liable for any escape, on the 31st of *January*, as it is agreed, that the prisoner returned within the limits, before any writ was served on the sheriff. As to the second count, for an escape on the 3d of *February*; it is not contended, but that *Carpenter* was out of the limits of the prison, and that this writ was served on the sheriff before he returned; but if you find, that he was taken upon the attachment, and holden, for the purpose, and with the intent, of keeping him out of the limits, until a writ could be procured, and served on the sheriff; and that he was thus kept and prevented from returning, by the order and direction of the plaintiffs, the sheriff is not liable for this escape; as it is conceded, that *Carpenter* returned within the limits, when he ceased to be detained upon the attachment; and you will thereupon find a verdict for the defendant. But if you do not find, that *Carpenter* was thus detained, and prevented from returning within the limits, your verdict will be for the plaintiffs." The jury found for the defendant; and the plaintiffs moved for a new trial, on the ground of a misdirection.

*Daggett* and *Mitchell*, in support of the motion, after remarking upon the impropriety of adopting a principle, which would authorize prisoners to transgress the prison limits at pleasure, provided only that they took care to return seasonably, contended, 1. That the plaintiffs' right of action against the sheriff vested immediately on the escape of the prisoner; and his return within the limits could not discharge that right of action, unless the sheriff again received him. This the sheriff was not bound to do; and if he did, the fact must distinctly appear. In an action by the sheriff on the bond, a plea that the prisoner returned, is bad, without an averment that the sheriff again accepted him as his prisoner. *Freeman* v. *Davis & al.* 7 *Mass. Rep.* 200. *The Sheriffs of*

*Norwich* v. *Bradshaw, Cro. Eliz.* 53. *Gambier* v. *Larkin, Com. Rep.* 553. The court ought, then, to have charged the jury, that unless they found that the sheriff received the prisoner on his return, after the escape on the 31st of *January*, they must find for the plaintiffs, on the first count.

2. That the charge on the second count was incorrect. Admitting that a return before action brought would excuse the sheriff, yet an *intention* or *willingness* to return, without actually returning, will not. It is no excuse to the prisoner, or his keeper, that he was detained by *legal process.* Even if his return had been prevented by the *act of God*, it would have been no excuse. 1 *Selw. N. P.* 656. n. (121.)

*J. W. Edwards* and *T. S. Williams,* contra, insisted, 1. That a voluntary return of the prisoner is equivalent to recaption on fresh pursuit; (*Bonafous* v. *Walker,* 2 *Term. Rep.* 126. *Chambers* v. *Gambier, Com. Rep.* 554.) which is unquestionably a good defence to the sheriff against a claim for a negligent escape. It was admitted, in this case, that the prisoner returned on the 31st of *January,* and *remained in the custody of the sheriff* until his escape on the 3d of *February.* Why, then, should it be left to the jury, to find whether the sheriff received him again as his prisoner?

2. That the second escape made no stronger case against the defendant than the first, except as to what resulted from the plaintiffs' own act; which they could not take advantage of, to the defendant's prejudice.

SWIFT, Ch. J. When an imprisoned debtor departs from the liberties of the prison, it is a negligent escape in the sheriff. A recaption, on fresh pursuit, or a voluntary return by the debtor, before action brought, will excuse the sheriff; and he is not liable to an action for the escape. The sheriff, however, is not bound to receive the prisoner after such escape, but can, if he pleases, maintain an action against him on the bond to abide a faithful prisoner; for such departure from the liberties of the prison, is a breach of the condition of the bond.

Whenever a man prevents an act from being done, he shall suffer the consequence of it: he shall derive no advantage from its not being done. If the plaintiffs had, by force, detained the debtor out of the liberties of the prison, till they

*Hartford,*
June, 1818.

Drake
*v.*
Chester.

had commenced a suit for the escape, against the sheriff, it is conceded, that they could not sustain an action. But it is said, in this case, the plaintiffs made use of a lawful process for the collection of a debt, as they had good right to do ; which justifies the act. The plaintiffs had no right to make use of the forms of law for an improper purpose. They had no right to arrest the body of the debtor, by an attachment, with the express view to prevent him from returning to the prison, and to charge the defendant with the escape. This is an abuse of legal process ; and if the plaintiffs be allowed to recover, they will be enabled to take advantage of their own wrong.

It has been insisted, that the charge of the court was incorrect ; that they should have charged the jury, not only that the debtor must return within the liberties of the prison, but that the sheriff must consent to receive him, in order to excuse him from the escape. But the charge of the court was correct. It is sufficient that the debtor had returned within the limits of the prison, before the suit was brought : and it will be presumed, that the sheriff consented to receive him, unless the contrary appears.

HOSMER, J. It is established law, that fresh pursuit and recaption, before action brought, is a good defence against a demand for a negligent escape. That the one in the case before us, was of this description, is unquestionable. Most clearly, it was not a voluntary escape ; which is an escape with the consent, or by default, of the sheriff. *Bonafous* v. *Walker*, 2 *Term Rep.* 131.

The voluntary return of a prisoner, is deemed equivalent to a recaption. It matters not whether the escape was by a breach of the gaol, or by a departure from the limits. A return to the place of imprisonment, whether within the four walls, or within the gaol liberties, infers the same legal consequences. For a return to the limits, if the prisoner escaped from them, is a return within the custody of the sheriff, and in contemplation of law, within the prison. *Bonafous* v. *Walker*, 2 *Term Rep.* 126. *Peters & Gedney* v. *Henry*, 6 *Johns. Rep.* 121. *Jones* v. *Abbe*, 1 *Root* 106. Undoubtedly, the sheriff may maintain an action on the bond given to him, conditioned that the debtor shall remain a faithful prisoner ; although, after having escaped, the prisoner should return to the prison. The escape is an irreparable

breach of the condition, and the damages will be liquidated according to equity. If the sheriff is subjected to no disadvantage, they will be merely nominal. *Gambier* v. *Larkin,* *Comyns* 553. *Freeman* v. *Davis & al.* 7 *Mass. Rep.* 200. *Abel* v. *Bennett,* 1 *Root* 127. *Lord* v. *Atwood & al.* 2 *Root* 336.

As to the escape on the 3d of *February,* it must be considered precisely as if the prisoner had returned to the limits before the plaintiffs commenced their action. This he would have done, had he not been prevented by the restraint put upon him by the plaintiffs, with the unjustifiable intent of producing an escape, of which they might avail themselves. The plaintiffs would have taken advantage of their own wrong.

I can discern no legal difference between the creditor's taking a prisoner by force from the limits to create an escape, and the forcible restraint of him, after his escape, to prevent his return. Nor is the case more favourable to the plaintiffs, by reason of their abuse of legal process, to achieve an object so unjustifiable. The charge to the jury, in my judgment, is entirely correct, and a new trial ought not to be granted.

Gould, J. I fully concur in the opinion, that the direction of the court was right; and will merely add a remark, upon a single topic, adverted to, in the argument. It has been suggested, that, upon the principle of the defence, a prisoner may be in the daily and hourly practice of transgressing the limits of the gaol-yard; and yet, by seasonably returning, skreen the sheriff from liability: and that, in this way, the intended effect of imprisonment, considered as the coercive means of collecting judgments, may be, in a great measure, defeated. This suggestion is not well founded. The law has provided a sufficient check for such irregularities in prisoners. For if, upon notice to the sheriff, or gaoler, of any such temporary escape, he does not commit and confine the party, so escaping, within the walls of the prison; any subsequent transgression of the limits, by the same party, will be deemed a *voluntary* escape, which cannot be purged, either by his voluntary return, or a recaption on fresh suit. And thus the creditor has, practically, all the remedy that the law ever designed for him.

The other Judges were of the same opinion.

New trial not to be granted.