Huntington *against* Williams and others :

## IN ERROR.

Where a person, committed to prison, on execution for debt, having been admitted to the liberties of the prison, on giving bond to remain a faithful prisoner, departed from the liberties, with the consent and approbation of the gaoler ; it was held, that the sheriff could not recover on the bond ; a prisoner on the limits being in the custody of the gaoler ; and the acts of the gaoler, in relation to such prisoner, being imputable to the sheriff.

THIS was an action on a bond, executed by *Williams* and others, to *Joshua Huntington,* Esq. sheriff of the county of *New-London,* the condition of which, after reciting, that *Payton R. Randall,* one of the obligors, was then confined and held a lawful prisoner in the gaol at *New-London,* by virtue of an execution in favour of *William Bowen* and others, for the sum of 1023 dollars, 28 cents, and that the plaintiff had agreed to suffer him to walk and take the air within the liberties of the prison, provided, that he should remain a faithful prisoner, and should save the plaintiff harmless from all cost and damage to which he might be liable, in consequence of thus granting the liberties of the prison. The breach alleged was, that *Randall,* on the 26th of *May,* 1817, against the mind and will of the plaintiff, departed from, and went at large without, the liberties of the prison, and escaped therefrom. The defendants pleaded, that *Richard Stroud,* on the 26th day of *May,* 1817, was, and ever since had been, keeper of said gaol, appointed by the plaintiff, and, as such, had the charge and custody of said *Randall ;* and said *Randall* left and departed from said prison, and the liberties thereof, with the knowledge, and by the consent and approbation, of said *Stroud,* keeper as aforesaid, and so was by the plaintiff discharged from said prison. The facts stated in this plea, were traversed by the plaintiff ; on which issue was joined ; and the jury gave a verdict for the defendants. The plaintiff then moved in arrest of judgment, on the ground that the issue was immaterial. This motion being overruled, and judgment rendered for the defendants, the plaintiff brought the present writ of error.

*New-London,*
*October,*
*1820.*

Huntington
*v.*
Williams.

*Law* and *Cleaveland,* for the plaintiff, contended, That the defendants were not liable for the departure of *Randall,* from the liberties of the prison. In support of this position, they observed, 1. That *Stroud* had no authority, except what resulted, by implication of law, from his office of keeper of the gaol. There was no *express* delegation of power. The appointment was the only fact, from which any power could be inferred.

2. That the keeper's duty extends to no persons, except such as are confined in prison. It begins with their lawful commitment, and ends with their lawful departure. When a prisoner is admitted to the liberties of the prison, he is taken from the custody of the gaoler; and the gaoler's duty, in relation to such custody, from that moment, ceases. The bondsmen then take the place of the gaoler; and the restraint which the bond imposes, is substituted for incarceration.

3. That as the gaoler's authority results from, or is only co-extensive with, his duty, the consent and approbation, given by *Stroud,* to the departure of *Randall,* did not bind the plaintiff. The consent and approbation of the deputy who committed him, would not be more inoperative. Both had exercised their functions. What remained, was a matter of contract between the sheriff and the bondsmen. In this matter, *Stroud* had no right to interfere. The plaintiff might well say to him, " I appointed you keeper of the gaol, and of the prisoners in it, and not my own conservator. You have no concern with my contracts." By the terms of the bond, *Randall* was to remain a faithful prisoner within the limits. Could *Stroud,* with his breath, annul this obligation? Was *Randall's* departure less a forfeiture of the bond, because *Stroud* consented to, and approved of, the act? *Hamilton* v. *Wilson* & al. 1 *East* 383. *Tracy* v. *Van Rensellaer,* 8 *Johns. Rep.* 379.

*Goddard* and *Gurley,* for the defendants, observed, 1. That if *Randall* had departed from the limits of the prison, with the consent and approbation of the plaintiff personally, he, the plaintiff, could not recover in this action. *Volenti non fit injuria.*

2. That if *Randall,* not having been admitted to the liberties, had departed from the walls of the prison, with the consent and approbation of *Stroud,* the plaintiff could not recover.

The act of the gaoler would, in that case, clearly be the act of the sheriff.    They then contended,

3. That the gaoler has all the powers, as the deputy of the sheriff, which the latter has, in relation to the safe-keeping of prisoners.    The acts of the gaoler, in relation to this subject, are strictly imputable to the sheriff.

4. That a prisoner on the limits, is in prison, under the care of the keeper of the prison; and all the consequences result from such an imprisonment, as from a confinement *in arcta et salva custodia.    Bonafous* v. *Walker,* 2 *Term Rep.* 126. *Drake* & al. v. *Chester,* 2 *Conn. Rep.* 473.    The bond given to the sheriff, contemplates an imprisonment; the condition being, that the debtor " shall remain a faithful prisoner."

Hosmer, Ch. J.    *Payton R. Randall* was committed to the gaol of *New-London* county for debt; of which county the plaintiff was the sheriff; and the liberties of the prison were allowed him on the bond of the defendants, conditioned that he should remain a faithful prisoner.    *Randall* left the liberties of the gaol; and, on the ground that his departure constituted an escape, the plaintiff brougnt his action on the bond. The defendants pleaded, that *Richard Stroud* was keeper of the gaol, appointed by the plaintiff, and that *Randall* departed from the prison, with his consent and approbation.    These facts were traversed; and the issue was found in favour of the defendants.    The plaintiff contends, that the departure of *Randall,* with the consent and approbation of the keeper of the gaol, was not in law an escape; and whether it was, or was not, is the only question on which it is necessary to express an opinion.

The limits or liberties of the gaol, are considered as an extension of the walls of the prison.    In *Peters* & al. v. *Gedney,* 6 *Johns. Rep.* 121. 123. it was said, by *Spencer,* J. in delivering the opinion of the court : " The question, in fact, is, whether permitting the prisoner, who is in on execution, to enjoy the liberties, is an escape in the sheriff; for if the liberties are to be considered the gaol of the county, in the case of confinement on civil process, as much so as the four walls, then a negligent escape from them, and a return before action brought, is a good defence."    " It has frequently been decided, in this court, that the sheriff may let a prisoner in execu-

*New-London,*
October,
1820.

Huntington
*v.*
Williams.

tion, go within the liberties, without taking a bond, which is for his indemnity; and this opinion is supported, by the case of *Bonafous* v. *Walker*, 2 *Term Rep.* 26. *Ashhurst*, J. says, in that case, that the statute 8 and 9 *William*, establishing the rules, makes them, to all intents and purposes, the same as the walls of the prison. If so, then the prisoners in execution are within the prison, whilst on the limits." The same principle is distinctly recognized in the case of *Drake* v. *Chester*, 2 *Conn. Rep.* 473. It necessarily results, that *Randall*, when on the limits, was within the prison, in the custody of the sheriff; and if *he* had consented to his departure thence, that it would have constituted a voluntary escape, and taken away his right of recovery on the bond.

It remains to be considered, whether the escape of the prisoner, with the assent of *Stroud*, is not, precisely, of the same character. The jury have expressly found the fact, that " *Richard Stroud* was keeper of the gaol, by the plaintiff's appointment," and as such, " had the charge and custody of said *Randall*," at the time of his escape. Waiving, however, the exclusive effect of this finding, and admitting, that *Stroud* was appointed, *in totidem verbis*, keeper of the gaol, the consequence is irresistible, that the gaoler was invested with all the authority of his principal. By the statute for regulating gaols, *tit.* 81. *c.* 1. *s.* 18. it is provided, that " they (the sheriffs) shall and may put in and *substitute* under them, such keepers of the gaol as they shall see cause." By this legal substitution, the keeper of the gaol has devolved on him the whole duty and authority of his principal over the prisoners, so that his acts are, in law, the acts of the person appointing him. Besides, the nature of the delegation authorizes and demands this construction, unless this absurdity be sanctioned, that the keeper of the entire gaol, is keeper of a part of it only. It was said by *Holt*, C. J. in *Parker* v. *Kett*, 12 *Mod.* 467. that " the nature of a deputation, is to convey all the power of the principal, without any reservation or restriction. And this is apparent by the case of *Norton* v. *Stire*, Hob. 12. where the high-sheriff constituted an under-sheriff, with a proviso, that he should not serve any execution, above the value of twenty pounds, without leave of the high-sheriff; and the proviso is held void, and contrary to the deputation itself, and therefore to be rejected." The nomination and appointment of a per-

son, by the sheriff, as keeper of a gaol, implicitly confers on him the power of doing all such acts, as the sheriff himself could execute, in relation to the persons committed to prison; and there exists no diversity in respect of their powers.— Whether it would be legally possible for the sheriff to restrict the authority imparted, it is not necessary to decide; although on this point I entertain no doubt.

The ground on which I have rested my opinion, renders it unnecessary for me to refer to the cases cited in argument. *Tracy* v. *Van Rensellaer,* 8 *Johns. Rep.* 379. and *Hamilton* v. *Wilson* & al. 1 *East* 383. on which reliance was placed, have no bearing on the question before the court. They proceeded on the ground, that the debtor was *never* within the custody of the sheriff.

I am of opinion, that there is no error in the judgment complained of.

The other Judges were of the same opinion.

Judgment affirmed.