(18 App. Div. 128.)

## BUTTLING v. HATTON et al.

(Supreme Court, Appellate Division, Second Department. May 21, 1897.)

1. JAIL LIBERTIES—UNDERTAKING—SUMMARY JUDGMENT AGAINST SURETIES.

Code Civ. Proc. § 162, provides that a sheriff against whom judgment has been rendered for the escape of a prisoner who had given an undertaking for jail liberties may have a summary judgment on the undertaking, where due notice of the pendency of the action for the escape had been given to the prisoner and his sureties. *Held*, that the sureties can contest their liability only on showing that they have a meritorious defense, which was not involved in the action for the escape; but such defense cannot be interposed unless proceedings on the summary judgment are stayed.

2. SAME—WHAT CONSTITUTES DEFENSE.

Such stay should be granted to enable the sureties to present the defense that the escape of the prisoner was with the consent of a deputy sheriff, since the consent of the sheriff to the escape would discharge the sureties, and the question whether the consent of a deputy would bind the sheriff is a fair one for litigation.

3. SAME—COUNSEL FEES PAID BY SHERIFF.

The sureties are also entitled to contest the sheriff's claim for counsel fees paid by him for contesting the action for the escape, where his complaint on the undertaking does not allege that such fees were reasonable, since Code Civ. Proc. § 165, only authorizes him to recover his "reasonable" counsel fees.

4. CONSTITUTIONAL LAW—SUMMARY JUDGMENTS.

The sureties on such undertaking are not deprived of the right to a trial by Code Civ. Proc. § 162, authorizing the sheriff to take a summary judgment on the undertaking.

Appeal from special term, Kings county.

Action by William J. Buttling, as sheriff of Kings county, against Loftus D. Hatton and others. From a judgment in favor of plaintiff, entered on a summary application to the court, and from an order denying defendants' motion for a stay of proceedings, defendants appeal. Judgment affirmed. Order reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George A. Baker, for appellants.
Hugo Hirsch, for respondent.

CULLEN, J. The defendant Loftus D. Hatton was held by the plaintiff under an execution issued against the person. To obtain his admission to the liberties of the jail, he, with the other defendants, executed the undertaking prescribed by law. Afterwards the plaintiff in execution sued the present plaintiff for an escape by said Hatton. The sheriff thereupon gave notice of such action to the principal and sureties on said undertaking. The execution plaintiff recovered a judgment against the sheriff for the sum of $520.85. The sheriff then brought this action against the parties to the undertaking given for the jail liberties to recover the amount of the judgment entered against him in the action by the execution creditor, and for the sum of $300, counsel fees in defending that action. Under the provisions

of section 162 of the Code, the plaintiff moved for summary judgment in his favor. The defendants, on answers interposed and affidavits, resisted the application, and also applied for a stay of proceedings on the judgment. The court granted the application for judgment, and denied the motion to stay proceedings thereon.

Sections 162 to 165 of the Code of Civil Procedure are substantially mere re-enactments of the provisions of the Revised Statutes on the same subject. Rev. St. pt. 3, tit. 6, c. 7, art. 3, §§ 50–54. The correct construction of these provisions is not wholly free from doubt. The learned justice at special term seems to have thought that the defendants could contest the action, notwithstanding the denial of their application for a stay of proceedings on the judgment. We are inclined to the opinion that this construction is not correct. We find no reported case that has arisen under these statutory provisions, and, as far as our research has gone, they seem to have first come into existence at the time of the enactment of the Revised Statutes. The revisors' note to the sections is:

"These sections are intended to expedite parties, and afford relief to sheriffs, who may have a bond with very responsible sureties who may become irresponsible during the delay incident to such causes. The cause having been once contested on the merits, there is no reason for another trial at the risk of the sheriff."

This note and the natural reading of the sections would seem to imply that summary judgment in favor of the sheriff is to be entered as of course, and that the prisoner and his sureties are only entitled to further contest or litigate their liability on making it appear that they have a meritorious defense, which was not controverted in the action against the sheriff, and could not have been there controverted. For the purpose of enabling the defendants to litigate their liability, proceedings on the judgment must be stayed. The defendants challenge the constitutionality of this provision for the entry of summary judgment against them without a trial, but we think it can be upheld. Section 1778, Code Civ. Proc. (also a re-enactment of a former provision of the Revised Statutes), provides that, in an action against a corporation to recover damages for the nonpayment of an absolute obligation for the payment of money, judgment by default may be taken against the defendant, unless it serves with its answer or demurrer an order of a judge directing that the issues be tried. In Moran v. Long Island City, 101 N. Y. 439, 5 N. E. 80, the question of the constitutionality of this provision was presented. It was contended that the right of the defendant to defend the action was impaired. The court of appeals held the provision constitutional. It was there said:

"This provision [that of the Revised Statutes] has stood for over sixty years without question, and it differs from section 1778 only in the mode of procedure, the result of both provisions being that the court must be satisfied that a good defense exists before a corporation is allowed to defend an action on an obligation of this description. The defendant would have the same right to a review of the decision of a judge refusing an order for the trial of the issues which it would have to review an order striking out the answer as sham, or giving judgment on it as frivolous. We should hesitate to pronounce the provision unconstitutional, after a similar provision has stood, and been acted upon by our courts, for so long a period."

45 N.Y.S.—46

All this is equally applicable to the provisions for summary judgment on a bond for jail liberties. Indeed, the question in this case is subject to much less doubt than that in the one cited. It does not assume to deprive any particular person or class of persons of the general right to contest alleged liability against them by the ordinary methods, either a trial by jury or one by the court. It was a provision of law applicable to principal and sureties on a bond for the limits at the time the defendants executed that obligation. They were under no compulsion to execute the bond. They did so voluntarily, and therefore assumed every obligation that the statute imposed upon them as a result of executing the bond, including the risk of not having an opportunity to defend themselves in the same manner as they might against other claims asserted against them. If the issue raised by the defendants was that they had never executed the bond, a very different question would be presented, and we are not prepared to say that on such an issue the defendants would not have had an absolute right to an ordinary trial. This being our view of the construction of these Code provisions, it follows that the order that judgment be entered in the plaintiff's favor was clearly correct; and the only question is whether the court should have stayed proceedings upon the judgment, so as to enable the defendants to litigate their liability. The rule stated by the court of appeals in the Moran Case, supra, we think, should apply here. If the proposed defense was sham or frivolous, the application to stay the proceedings should have been denied; but, if it presented a fair subject for litigation and dispute, the application should have been granted. It would seem clear, on authority, that though the execution debtor was not in the jail itself, but on the limits, if the sheriff consented to his escape, that that discharged both the principal and sureties on the bond given by them for the jail liberties. Wemple v. Glavin, 5 Abb. N. C. 360; Huntington v. Williams, 3 Conn. 427. The affidavits tend to show that the deputy sheriff, Sedgwick, who, it is alleged, was in charge of the plaintiff's office, consented to the execution debtor leaving the limits. We by no means say that Sedgwick was vested with such authority that his act concluded the sheriff, but we think the question is a fair one for litigation. We are also of opinion that the defendants were entitled to contest the amount of the charge for counsel fees in defending the first action. The denial of the answer was sufficient to controvert the allegations of the complaint in this respect, and, further, those allegations of the complaint seem insufficient. Section 165 of the Code authorizes a recovery by the sheriff of his reasonable attorney and counsel fees. There is no allegation in the complaint that the amount paid by the sheriff for this purpose was reasonable or proper.

The judgment appealed from should be affirmed. The order denying application to stay proceedings on the judgment should be reversed, and application granted, without costs to either party; the action to be placed on the short-cause calendar, and moved for trial whenever the plaintiff may elect. All concur.