## BUTTLING v. HATTON et al.

(Supreme Court, Appellate Division, Second Department.   May 3, 1898.)

BOND FOR JAIL LIBERTIES—EVIDENCE.

In order to entitle the sheriff, in an action brought by him upon an under-taking for the jail liberties, to a summary judgment, under Code Civ. Proc. § 162, he must show, in addition to the other requirements of the section, that a judgment, and not merely a verdict, has been rendered against him for the escape of the prisoner.

Appeal from trial term.

Action by William J. Buttling, as sheriff of Kings county, against Loftus D. Hatton and others.   From a judgment at trial term on a verdict directed for plaintiff, and from an order denying a new trial, defendants appeal.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Byram L. Winters, for appellants.
Hugo Hirsh, for respondent.

GOODRICH, P. J.    The action is brought by the sheriff of Kings county to recover on a bond given to admit the defendant Loftus D. Hatton to the liberties of the jail.    The complaint alleged the re-covery of a judgment against Loftus D. Hatton for money received by him in a fiduciary capacity;   the issue, and return unsatisfied, of an execution against his property;   the subsequent issue of an execution against his person, under which he was arrested and com-mitted to jail;   the execution of an undertaking for the liberties of the jail, upon which this action is founded;   his subsequent dis-charge from close confinement;   his escape from the jail liberties;   the commencement of an action, on the last-named undertaking, to recover the amount of the judgment against Loftus D. Hatton;   the notification of the pendency of such action to the defendants in this action, and requiring them to come in and defend the same;   their refusal to do so, and the consequent defense thereof by the sheriff.    Upon the facts thus far alleged, there is no controversy which it is necessary to examine.    The merits of the appeal grow out of the allegation of the complaint that:

"On or about November 23, 1896, after a trial of said action [the action against the sureties on the undertaking], a verdict was rendered against this plaintiff by reason of said escape of said Loftus D. Hatton."

This was a simple averment of the rendition of a verdict, and not an averment of the entering or rendering of a judgment.    The pro-vision of the Code of Civil Procedure applicable to the matter is sec-tion 162:

"In an action brought by a sheriff on an undertaking for the jail liberties, if it appears to the court, upon a motion made in behalf of the sheriff, that judg-ment has been rendered against him for the escape of the prisoner, and that due notice of the pendency of the action against him was given to the prisoner and his sureties to enable them to defend the same, the court must order a sum-mary judgment for the plaintiff;   and the judgment must be entered accordingly, with costs."

The plaintiff contends that the rendering of the verdict is sufficient to bring the case within the provisions of this section, that a judgment upon the verdict need not be entered, that the verdict of the jury in such action is a judgment, that the entry of the judgment is simply an act of the clerk, and that no further proceedings were necessary to establish the liability of the sureties. This contention is at variance with the following authorities:

Finch, J., in delivering the opinion of the court in Webb v. Buckelew, 82 N. Y. 555, at page 559, said:

"Thus, where the litigation has ended in a discontinuance or a nonsuit, so that an actual decision on the merits has not been reached, or where a verdict of a jury or the finding of a judge or referee has not passed into a judgment, and so become absolutely fixed and final, the proceedings have no conclusive character, and cannot operate as a bar. [Citing cases.] It is therefore only a final judgment upon the merits which prevents further contest upon the same issue, and becomes evidence in another action between the same parties or their privies. Until final judgment is reached, the proceedings are subject to change and modification; are imperfect and inchoate, and can avail nothing as a bar or as evidence until the judgment, with its verity as a record, settles finally and conclusively the questions at issue. An interlocutory order is not such a judgment. It is not a judgment at all."

In Lorillard v. Clyde, 99 N. Y. 196, 200, 1 N. E. 614, Miller, J., said:

"It is the judgment of the court, and not the findings of the jury, which binds the parties. The adjudication is not in the verdict, but in the judgment adopted by the court."

In Smith v. McCool, 16 Wall. 560, 561, Mr. Justice Swayne said:

"A verdict without a judgment in a case like this is of no validity, either as an estoppel or as evidence. To give efficacy to a verdict, general or special, it must be followed by a judgment; and, when offered to establish any fact, such fact must have constituted, in whole or in part, the foundation of the judgment which was rendered. Greenleaf says: 'It is only where the point in issue has been determined that the judgment is a bar. If the suit has been discontinued, or the plaintiff becomes nonsuit, or for any other reason there has been no judgment of the court upon the matter in issue, the proceedings are not conclusive.' The matter must have become res judicata."

In 1 Freem. Judgm. § 251, the law is stated as follows:

"No question becomes res adjudicata until it is settled by a final judgment. For this reason the verdict of a jury, the finding of a court, or the report of a referee or master is not admissible as evidence to create an estoppel before it has received the sanction of the court, by passing into a judgment."

An examination of the authorities of other states confirms these views. McLaughlin v. Doherty, 54 Cal. 519; Blatchford v. Newberry, 100 Ill. 484; Lockwood v. Dills, 74 Ind. 56.

We cannot escape the conclusion that the mere rendition of a verdict is not the rendering of a judgment such as is required by section 162 of the Code of Civil Procedure, and that it was error at the trial term to direct a verdict in favor of the plaintiff. It is not necessary to consider the other questions involved in the brief of the appellants. It is to be noticed that this case was before this court on a former appeal, reported in 18 App. Div. 128, 45 N. Y. Supp. 720. The question now before the court was not then presented, and the decision was made without reference to it, as appears to us from an examination of the opinion itself, and the record and

briefs of counsel.    The plaintiff is not without remedy.    He may apply for leave to enter judgment in the action against him, and thereafter seek leave to serve an amended or supplemental complaint in this action, as he may be advised.

The judgment must be reversed, and a new trial granted.    All concur.