# Cases

| 30 | 191 |
| 33 | 553 |

WILLIAM J. BUTTLING, as Sheriff of Kings County, Respondent, *v.* LOFTUS D. HATTON and Others, Appellants.

*Action on a bond for jail liberties — the rendition of a verdict is not equivalent to a judgment.*

The mere rendition of a verdict in an action for the escape of a prisoner is not the rendering of a judgment within the meaning of section 162 of the Code of Civil Procedure, requiring the court to order a summary judgment for the sheriff in an action brought by him on an undertaking for the jail liberties, if it appears to the court, upon a motion made in behalf of the sheriff, that judgment has been rendered against him for the escape of the prisoner.

APPEAL by the defendants, Loftus D. Hatton and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 12th day of October, 1897, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 18th day of October, 1897, denying the defendants' motion for a new trial made upon the minutes.

*Byram L. Winters*, for the appellants.

*Hugo Hirsh*, for the respondent.

GOODRICH, P. J. :

The action is brought by the sheriff of Kings county to recover on a bond given to admit the defendant Loftus D. Hatton to the liberties of the jail. The complaint alleged the recovery of a judg-

ment against Loftus D. Hatton for money received by him in a fiduciary capacity, the issue and return unsatisfied of an execution against his property, the subsequent issue of an execution against his person, under which he was arrested and committed to jail, the execution of an undertaking for the liberties of the jail (upon which this action is founded), his subsequent discharge from close confinement, his escape from the jail liberties, the commencement of an action on the last-named undertaking to recover the amount of the judgment against Loftus D. Hatton, the notification of the pendency of such action to the defendants in this action and requiring them to come in and defend the same, their refusal to do so and the consequent defense thereof by the sheriff. Upon the facts thus far alleged there is no controversy which it is necessary to examine.

The merits of the appeal grow out of the allegation of the complaint, that "on or about November 23d, 1896, after a trial of said action (the action against the sureties on the undertaking), a verdict was rendered against this plaintiff, by reason of said escape of said Loftus D. Hatton." This was a simple averment of the rendition of a verdict, and not an averment of the entering or rendering of a judgment. The provision of the Code of Civil Procedure applicable to the matter is section 162: "In an action brought by a sheriff on an undertaking for the jail liberties, if it appears to the court upon a motion made in behalf of the sheriff, that judgment has been rendered against him for the escape of the prisoner, and that due notice of the pendency of the action against him was given to the prisoner and his sureties to enable them to defend the same, the court must order a summary judgment for the plaintiff; and judgment must be entered accordingly, with costs."

The plaintiff contends that the rendering of the verdict is sufficient to bring the case within the provisions of this section; that a judgment upon the verdict need not be entered; that the verdict of the jury in such action is a judgment; that the entry of the judgment is simply an act of the clerk, and that no further proceedings were necessary to establish the liability of the sureties. This contention is at variance with the following authorities:

FINCH, J., in delivering the opinion of the court, in *Webb* v. *Buckelew* (82 N. Y. 555), at page 559, said: "Thus, where the litigation has ended in a discontinuance, or a nonsuit, so that an

actual decision on the merits has not been reached; or where a verdict of a jury, or the finding of a judge or referee has not passed into a judgment, and so become absolutely fixed and final, the proceedings have no conclusive character, and cannot operate as a bar. (Citing cases.) It is, therefore, only a final judgment upon the merits, which prevents further contest upon the same issue, and becomes evidence in another action between the same parties or their privies. Until final judgment is reached the proceedings are subject to change and modification; are imperfect, and inchoate, and can avail nothing as a bar, or as evidence, until the judgment, with its verity as a record, settles finally and conclusively the questions at issue. An interlocutory order is not such a judgment. It is not a judgment at all."

In *Lorillard* v. *Clyde* (99 N. Y. 196, 200), MILLER, J., said: " It is the judgment of the court and not the findings of the jury which bind * the parties. The adjudication is not in the verdict but in the judgment adopted by the court."

In *Smith* v. *McCool* (83 U. S. [16 Wall.] 560, 561), Mr. Justice SWAYNE said: " A verdict without a judgment in a case like this is of no validity, either as an estoppel or as evidence. To give efficacy to a verdict, general or special, it must be followed by a judgment, and when offered to establish any fact, such fact must have constituted, in whole or in part, the foundation of the judgment which was rendered. Greenleaf says: ' It is only where the point in issue has been *determined* that the judgment is a bar. If the suit has been discontinued, or the plaintiff becomes nonsuit, or for any other reason there has been no judgment of the court upon the matter in issue, the procedings are not conclusive.' The matter must have become *res judicata*."

In Freeman on Judgments (Vol. 1, § 251) the law is stated as follows: " No question becomes *res adjudicata* until it is settled by a *final judgment*. For this reason the verdict of a jury, the finding of a court, or the report of a referee or master is not admissible as evidence to create an estoppel, before it has received the sanction of the court, by passing into a judgment."

An examination of the authorities of other States confirms these

---

* *Sic.*

views. (*McLaughlin* v. *Doherty*, 54 Cal. 519; *Blatchford* v. *Newberry*, 100 Ill. 484; *Lockwood* v. *Dills*, 74 Ind. 56.)

We cannot escape the conclusion that the mere rendition of a verdict is not the rendering of a judgment such as is required by section 162 of the Code of Civil Procedure, and that it was error at the Trial Term to direct a verdict in favor of the plaintiff. It is not necessary to consider the other questions involved in the brief of the appellants.

It is to be noticed that this case was before this court in a former appeal, reported in 18 Appellate Division, 128. The question now before the court was not then presented, and the decision was made without reference to it, as appears to us from an examination of the opinion itself and the record and briefs of counsel.

The plaintiff is not without remedy. He may apply for leave to enter judgment in the action against him, and thereafter seek leave to serve an amended or supplemental complaint in this action, as he may be advised.

The judgment must be reversed and a new trial granted.

All concurred, except CULLEN, J., absent.

Judgment reversed and new trial granted, costs to abide the event.