WILLIAM J. BUTTLING, as Sheriff of Kings County, Respondent, *v.* LOFTUS D. HATTON and Others, Appellants.

*Action by a sheriff upon an undertaking for the jail liberties — supplemental and amended complaint setting up the subsequent entry of judgment in an action brought by the judgment creditor for the escape — it does not set up a new cause of action — amendment setting up a claim for counsel fees incurred in the judgment creditor's action, which was dismissed upon a former trial.*

Where a judgment creditor obtains a verdict in an action against a sheriff for the escape of the judgment debtor from the jail liberties, notice to defend which action was served upon the sureties upon the undertaking given for the jail liberties, the court may, in an action by the sheriff upon such undertaking, permit the sheriff to serve an amended and supplemental complaint setting forth the entry of judgment in the judgment creditor's action, the original complaint in which action only sets forth the rendition of a verdict therein, in order that the sheriff may avail himself of section 162 of the Code of Civil Procedure, providing that, " if it appears to the court, upon a motion made in behalf of the sheriff that judgment has been rendered against him for the escape of the prisoner, and that due notice of the pendency of the action against him was given to the prisoner and his sureties to enable them to defend the same, the court must order a summary judgment for the plaintiff."

Because of the fact that the judgment had not been entered when the action upon the undertaking was brought, the amended and supplemental complaint does not set forth a cause of action which had no existence when the action was commenced, as the cause of action averred in the original complaint was based upon the bond executed by the defendants to secure to the judgment debtor the liberties of the jail, which bond, when the debtor escaped, became forfeited, and the sureties thereon became liable to pay all damages sustained by the plaintiff to the amount of the bond, and such right of action could be enforced against the defendants, the only effect of the amendment being to allow the sheriff to take advantage of the summary remedy given by section 162 of the Code of Civil Procedure.

The sheriff may also be permitted to insert in such amended and supplemental complaint a claim for counsel fees incurred in the judgment creditor's action, notwithstanding that, upon a former trial of the action, his complaint was dismissed as to that item, upon the ground that the allegation in respect thereto was insufficient, under section 165 of the Code of Civil Procedure, to entitle the same to be considered.

APPEAL by the defendants, Loftus D. Hatton and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 31st day of May, 1898, granting the plaintiff leave to serve an amended and supplemental complaint.

This action was begun on the 26th day of December, 1896. The judgment in the execution creditor's action was entered on the 9th day of May, 1898, *nunc pro tunc* as of the 27th day of November, 1896.

Section 162 of the Code of Civil Procedure, referred to in the opinion, is as follows:

"In an action brought by a sheriff on an undertaking for the jail liberties, if it appears to the court upon a motion made in behalf of the sheriff that judgment has been rendered against him for the escape of the prisoner, and that due notice of the pendency of the action against him was given to the prisoner, and his sureties, to enable them to defend the same, the court must order a summary judgment for the plaintiff; and judgment must be entered accordingly, with costs."

*George A. Baker* [*Byram L. Winters* with him on the brief]; for the appellants.

*Hugo Hirsh*, for the respondent.

HATCH, J.:

In varying form this case has been twice before this court. Upon the first appeal, while we sustained the right of the plaintiff to move for summary judgment under the provisions of section 162 of the Code of Civil Procedure, yet we reversed the judgment which had been granted upon motion properly made therefor, holding that the defendants were entitled to contest upon such hearing the charge for counsel fees in defending the action brought by the execution creditor against the plaintiff to recover for the escape of

the person in the custody of the plaintiff as sheriff from the liberties
of the jail.  This was based upon the provisions of section 165 of
the Code of Civil Procedure, authorizing a recovery by the sheriff
of his reasonable attorney and counsel fees; and this item we held
could not be adjudged summarily in favor of the plaintiff, but was
the subject of contest by the defendants.  (*Buttling* v. *Hatton*, 18
App. Div. 128.)  Upon a trial had after such reversal the claim of
the plaintiff as and for a counsel fee was dismissed, and judgment
was directed in plaintiff's favor for the amount of the judgment
obtained by the execution creditor against the plaintiff.  From such
judgment an appeal was again taken to this court, where, for the
first time, the question was raised that the complaint failed to allege,
or the proof to establish, the entry of judgment in favor of the exe-
cution creditor against the plaintiff; in consequence of which a claim
was made on behalf of the appellant that an application under section
162 of the Code of Civil Procedure for a summary judgment in
favor of the plaintiff was unauthorized.  In this respect the com-
plaint averred the rendition of a verdict, but failed to allege the
rendition of any judgment based thereon.  Upon such appeal we
held that the proof was fatally defective in this respect and reversed
the judgment, saying, however: " The plaintiff is not without
remedy.  He may apply for leave to enter judgment in the action
against him, and thereafter seek leave to serve an amended or sup-
plemental complaint in this action as he may be advised." (*Butt-
ling* v. *Hatton*, 30 App. Div. 191.)  Acting upon this suggestion,
judgment was thereafter duly entered *nunc pro tunc,* as of the 27th
day of November, 1896, and thereafter the plaintiff served notice
of motion for leave to serve a proposed supplemental and amended
complaint setting out the judgment which accompanied his notice
of motion therefor.  This motion coming on to be heard, resulted
in the order appealed from.

It is claimed by the defendants upon this appeal that the order
authorizing the service of the amended and supplemental pleading
is unauthorized, for the reason that the facts alleged therein had no
existence at the time of the commencement of the action, and that
the effect of the amended and supplemental pleading is to make a
cause of action which had no existence when the action was com-

menced. In this respect we think the learned counsel for the appellants is in error. The cause of action which was averred in the original complaint was based upon the bond executed by the defendants to secure to the execution debtor the liberties of the jail. When such debtor escaped therefrom the bond became forfeited, and the defendants became liable to pay all damages sustained by the plaintiff to the amount of the bond which they had executed. When action was brought to recover against the plaintiff as sheriff for and on account of such escape, the defendants were notified of such action and requested to defend the same. This they refused to do; and when a recovery was had by the execution creditor against the plaintiff, the defendants became liable by virtue of the bond to indemnify the plaintiff for any loss or damage which he sustained thereby up to the amount secured by the bond. It is perfectly clear, therefore, that at the time when this action was commenced there existed a cause of action in favor of the plaintiff and against the defendants upon the bond. The right of action thus possessed by the plaintiff, he could enforce against the defendants thereafter, and prosecute the same to final judgment, without regard to the summary remedy given him by section 162 of the Code of Civil Procedure. The only effect which the entry of judgment in the action by the execution creditor could have was to render available to the plaintiff the remedy secured by section 162 of the Code. If the plaintiff desired to avail himself of such remedy, it was requisite that judgment should be entered. But this in no wise impaired or affected his right to prosecute his action to final judgment. The entry of judgment created no cause of action in his favor. That existed by virtue of the bond and its forfeiture; consequently the only importance which attached to the entry of judgment was to give to the plaintiff the right to the summary remedy and to its benefit as evidence. It is, therefore, clear that the order does not permit the service of a pleading averring facts constituting a cause of action which had no existence at the time when the original action was begun. It simply permits the setting up of matters which have come into existence subsequent to the commencement of the action, and which enable the plaintiff to avail himself of the summary remedy secured by the Code. Under such circumstances, the plaintiff is brought within section 544 of the Code of Civil Pro-

cedure, which authorized the court to make the order which it did. (*Spears* v. *Mayor, etc., of New York,* 72 N. Y. 442.)   By the entry of judgment and the amended and supplemental pleading, no change is made in the right of action as that existed.   Change, however, is made in the remedy which he may invoke.   The plaintiff's right thereto has the clear sanction of authority.   (*Haddow* v. *Lundy,* 59 N. Y. 320.)   The cases relied upon by the appellants are all cases where the cause of action attempted to be set up by the supplemental pleading had no existence when the action was commenced, and the right, therefore, was denied.   Such are the cases of *Holly* v. *Graf* (29 Hun, 443); *Farmers' Loan & Trust Co.* v. *United Lines Telegraph Co.* (47 id. 315) and others.   They are all without application here, for the reason that here the cause of action existed when its enforcement was begun, while in the cases cited none existed except by virtue of the averments contained in the supplemental pleading.

So far as the amendment of the pleading having regard to the reasonable and fair value of the expense incurred for counsel fee is concerned, we think it is properly allowed.   These expenses were necessarily incurred in the defense of the execution creditor's action, which plaintiff was compelled to defend by reason of the refusal of the defendants to interpose and defend the same after notice so to do.   The fact that upon the former trial the complaint was dismissed as to this item furnishes no bar to having it again considered. The dismissal of the complaint in this respect upon the trial was not upon the merits, but was for the reason that the allegation was insufficient to have the same considered under the provisions of section 165 of the Code of Civil Procedure.   The cause of action as to the amount of the judgment recovered by the execution creditor, and the expense incurred by the plaintiff in defending the same, is entire. The basis of right to recover is furnished by the undertaking of the defendants, and when the opportunity is given to present the case, the plaintiff is entitled to have the whole case considered and to recover whatever the law allows and the pleading authorizes.   There exists no basis for a severance of the plaintiff's cause of action, and the dismissal of the complaint as to one item does not have the effect of creating a bar upon a new trial where the facts pleaded are different, and the hearing is *de novo* upon the entire cause of action. It might be otherwise if the demand of the plaintiff was upon sepa-

rate and independent causes of action joined in one complaint. But no such severance can be had where the cause of action is entire, and the amount of recovery depends simply upon the pleading and the proof.

It follows that the order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.