### BUTTLING v. HATTON et al.

(Supreme Court, Appellate Division, Second Department. October 18, 1898.)

1. SUPPLEMENTAL AND AMENDED COMPLAINT—CHANGING CAUSE OF ACTION.
   An amended and supplemental complaint in a summary proceeding, under Code Civ. Proc. § 162, by a sheriff on a bond of a prisoner for jail liberties, he having escaped, which alleges the entry, subsequent to commencement of the proceedings, of judgment in favor of the execution creditor on verdict rendered in his favor, before commencement of such proceeding, in action against the sheriff by reason of such escape, is permissible, as it does not make a cause of action having no existence when the proceeding was commenced, the entry of the judgment merely rendering available to plaintiff the remedy under said Code provision.

2. RES JUDICATA.
   The cause of action against sureties on the bond of a prisoner for liberties of the jail, which is had by the sheriff on escape of the prisoner, being entire as to the amount of the judgment recovered against him by the prisoner's execution creditor and the expense of defending the action of such creditor, dismissal of the sheriff's complaint as to the amount of such expense, by reason of its allegations in reference thereto being insufficient to have the same considered, does not prevent recovery for the same, on a hearing de novo on the entire cause of action, complaint having been amended so as to properly present the matter.

Appeal from special term, Kings county.

Proceeding by William J. Buttling, as sheriff of Kings county, against Loftus D. Hatton and others. From an order granting leave to plaintiff to serve an amended and supplemental complaint, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George A. Baker (Byram L. Winters, on brief), for appellants.
Hugo Hirsh, for respondent.

HATCH, J. In varying form, this case has been twice before this court. Upon the first appeal, while we sustained the right of the plaintiff to move for summary judgment under the provisions of section 162 of the Code of Civil Procedure, yet we reversed the judgment which had been granted, upon motion properly made therefor, holding that the defendants were entitled to contest upon such hearing the charge for counsel fees in defending the action brought by the execution creditor against the plaintiff to recover for the escape of the person in the custody of the plaintiff, as sheriff, from the liberties of the jail. This was based upon the provisions of section 165 of the Code of Civil Procedure, authorizing a recovery by the sheriff of his reasonable attorney and counsel fee; and this item we held could not be adjudged summarily in favor of the plaintiff, but was the subject of contest by the defendants. Buttling v. Hatton, 18 App. Div. 128, 45 N. Y. Supp. 720. Upon a trial had after such reversal, the claim of the plaintiff as and for a counsel fee was dismissed, and judgment was directed in plaintiff's favor for the amount of the judgment obtained by the execution creditor against the plaintiff. From such judgment an appeal was again taken to this court, where, for the first time, the question was raised that the complaint failed to allege, or the proof to establish, the entry of judgment in favor of the execution creditor against the plaintiff; in consequence of which claim was made on behalf of the appellants that application, under section 162 of the Code of Civil Procedure, for a summary judgment in favor of the plaintiff, was unauthorized. In this respect the complaint averred the rendition of a verdict, but failed to allege the rendition of any judgment based thereon. Upon such appeal we held that the proof was fatally defective in this respect, and reversed the judgment, saying, however: "The plaintiff is not without remedy. He may apply for leave to enter judgment in the action against him; and thereafter seek leave to serve an amended or supplemental complaint in this action, as he may be advised." Buttling v. Hatton, 30 App. Div. 191, 51 N. Y. Supp. 305. Acting upon this suggestion, judgment was thereafter duly entered nunc pro tunc, as of the 27th day of November, 1896, and thereafter the plaintiff served notice of motion for leave to serve a proposed supplemental and amended complaint, setting out the judgment, which accompanied his notice of motion therefor. This motion, coming on to be heard, resulted in the order appealed from.

It is claimed by the defendants upon this appeal that the order authorizing the service of the amended and supplemental pleading is unauthorized, for the reason that the facts alleged therein had no

existence at the time of the commencement of the action, and that the effect of the amended and supplemental pleading is to make a cause of action which had no existence when the action was commenced. In this respect we think the learned counsel for the appellants is in error. The cause of action which was averred in the original complaint was based upon the bond executed by the defendants to secure to the execution debtor the liberties of the jail. When such debtor escaped therefrom, the bond became forfeited, and the defendants became liable to pay all damages sustained by the plaintiff to the amount of the bond which they had executed. When action was brought to recover against the plaintiff as sheriff for and on account of such escape, the defendants were notified of such action, and requested to defend the same. This they refused to do, and, when a recovery was had by the execution creditor against the plaintiff, the defendants became liable, by virtue of the bond, to indemnify the plaintiff for any loss or damage which he sustained thereby, up to the amount secured by the bond. It is perfectly clear, therefore, that, at the time when this action was commenced, there existed a cause of action in favor of the plaintiff and against the defendants upon the bond. The right of action thus possessed by the plaintiff he could enforce against the defendants thereafter, and prosecute the same to final judgment, without regard to the summary remedy given him by section 162 of the Code of Civil Procedure. The only effect which the entry of judgment in the action by the execution creditor could have was to render available to the plaintiff the remedy secured by section 162 of the Code. If the plaintiff desired to avail himself of such remedy, it was requisite that judgment should be entered. But this in no wise impaired or affected his right to prosecute his action to final judgment. The entry of judgment created no cause of action in his favor. That existed by virtue of the bond and its forfeiture. Consequently the only importance which attached to the entry of judgment was to give to the plaintiff the right to the summary remedy and to its benefit as evidence. It is therefore clear that the order does not permit the service of a pleading averring facts constituting a cause of action which had no existence at the time when the original action was begun. It simply permits the setting up of matters which have come into existence subsequent to the commencement of the action, and which enable the plaintiff to avail himself of the summary remedy secured by the Code. Under such circumstances, the plaintiff is brought within section 544 of the Code of Civil Procedure, which authorized the court to make the order which it did. Spears v. Mayor, etc., 72 N. Y. 442. By the entry of judgment and the amended and supplemental pleading no change is made in the right of action as that existed. Change, however, is made in the remedy which he may invoke. The plaintiff's right thereto has the clear sanction of authority. Haddow v. Lundy, 59 N. Y. 320. The cases relied upon by the appellants are all cases where the cause of action attempted to be set up by the supplemental pleading had no existence when the action was commenced, and the right, therefore, was denied. Such are the cases of Holly v. Graf, 29 Hun, 443, Farmers' Loan & Trust Co. v. United Lines Tel. Co., 47 Hun, 315, and

others. They are all without application here, for the reason that here the cause of action existed when its enforcement was begun, while in the cases cited none existed except by virtue of the averments contained in the supplemental pleading.

So far as the amendment of the pleading, having regard to the reasonable and fair value of the expense incurred for counsel fee, is concerned, we think it is properly allowed. These expenses were necessarily incurred in the defense of the execution creditor's action, which plaintiff was compelled to defend by reason of the refusal of the defendants to interpose and defend the same after notice so to do. The fact that upon the former trial the complaint was dismissed as to this item furnishes no bar to having it again considered. The dismissal of the complaint in this respect upon the trial was not upon the merits, but was for the reason that the allegation was insufficient to have the same considered, under the provisions of section 165 of the Code of Civil Procedure. The cause of action as to the amount of the judgment recovered by the execution creditor, and the expense incurred by the plaintiff in defending the same, is entire. The basis of right to recover is furnished by the undertaking of the defendants, and, when the opportunity is given to present the case, the plaintiff is entitled to have the whole case considered, and to recover whatever the law allows and the pleading authorizes. There exists no basis for a severance of the plaintiff's cause of action, and the dismissal of the complaint as to one item does not have the effect of creating a bar upon a new trial, where the facts pleaded are different, and the hearing is de novo upon the entire cause of action. It might be otherwise if the demand of the plaintiff was upon separate and independent causes of action joined in one complaint. But no such severance can be had where the cause of action is entire, and the amount of recovery depends simply upon the pleading and the proof.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.